IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROQUE TERCERO-ARANDA | § | |
| | § | |
| v. | § | C.A. NO. C-06-196 |
| | § | |
| PAUL MORALES, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DENY PETITIONER'S RULE 60(b)(4) MOTION**

Petitioner, Roque Aranda, a Texas state prisoner filed this action, which has
been styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.
(D.E. 1).  Pending is petitioner's motion for relief from judgment pursuant to Rule
60(b)(4) of the Federal Rules of Civil Procedure.  (D.E. 27).  For the reasons stated
herein, it is respectfully recommended that petitioner's motion be denied.

## I.  BACKGROUND

On May 8, 2006, this Court received from petitioner a form application for
habeas corpus relief pursuant to 28 U.S.C. § 2241.  (D.E. 1).  In his petition, he
stated that he was "attacking only the immigration detainer lodged at the Gaines
County Jail on June 16, 1997."  Id. at 3.  On May 9, 2006, the Clerk's Office sent
petitioner a Notice of Deficient Pleading informing him that he needed to submit
the required $5.00 filing fee, or a completed application to proceed in forma
pauperis.  (D.E. 4).  On May 19, 2006, petitioner submitted an application to

proceed in forma pauperis. (D.E. 12). On May 25, 2006, a memorandum and recommendation was issued recommending his motion to proceed in forma pauperis be denied, (D.E. 13), which was adopted by the Court on June 9, 2006. (D.E. 22).

On May 11, 2006, a memorandum and recommendation was issued that recommended petitioner's habeas petition be dismissed because he did not seek permission before filing the writ from a district judge, or the Fifth Circuit. (D.E. 6, at 5). It noted that to the extent "petitioner is seeking permission from this Court to file his habeas petition, it is respectfully recommended that he has not provided an adequate showing that such filing is warranted and appropriate." Id. at 5-6. It further noted that he was barred from proceeding in any civil action in forma pauperis, that he had accumulated in excess of three strikes under 28 U.S.C. § 1915(g), had been sanctioned by other courts for frequent filings, and had been expressly barred from filing new habeas petitions by some courts, including this Court. Id. at 1-5. On May 22, 2006, petitioner filed objections to the memorandum arguing that the sanction orders should not apply to habeas proceedings. (D.E. 10, at 2-3). On May 31, 2006, the Court adopted the recommendations and entered final judgment dismissing his petition. (D.E. 14, 15).

2

There are several other memoranda that were entered in this case addressing motions filed by petitioner.  On May 19, 2006, a memorandum and recommendation was entered that recommended petitioner's motion for approval to file a habeas petition, (D.E. 5), and his motion requesting prior approval from a judicial officer to file a habeas petition, (D.E. 8), be denied because he was under Court sanctions to obtain approval prior to filing his petition and because he had failed to show good cause to support such approval.  (D.E. 9).  On June 6, 2006, the Court adopted the recommendations and denied his motions.  (D.E. 17).

On June 15, 2006, a memorandum and recommendation was entered that recommended that the Court deny petitioner's motion for a certificate of appealability.  (D.E. 23).  On June 27, 2006, the Court adopted the recommendation and denied him a certificate of appealability.  (D.E. 28).

On June 26, 2006, petitioner filed this motion for relief from judgment. (D.E. 27).

## II.  DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides parties with the means to seek relief from any judgment or order of the Court.  The rule sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence;

3

(3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge or release of the judgment.  Fed. R. Civ. P. 60(b)(1)-(5).  In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).

Here, petitioner seeks relief pursuant to Rule 60(b)(4) on the basis that the Court's judgment is void.  A judgment is considered void for purposes of Rule 60(b)(4) if the Court acted "outside its legal powers."  Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998) (citations omitted).  "A judgment 'is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'"  New York Life Ins. Co. v. Brown, 84 F.3d 137, 143 (5th Cir. 1996) (quoting Williams v. New Orleans Pub. Serv., Inc., 728 F.2d 730, 735 (5th Cir. 1984) (citation omitted)).  However, a judgment is not void merely because it was erroneous.  Id.  Relief pursuant to Rule 60(b) is an extraordinary remedy, and accordingly, "'[i]n the interests of finality, the concept of void judgments is narrowly construed.'"  Carter, 136 F.3d at 1007 (citation omitted).

Petitioner argues that the judgment is void because the Court lacked subject matter and personal jurisdiction over the issues and the named parties. (D.E. 27 at

4

1-3).  His petition was construed as a habeas petition pursuant to § 2241.  The Fifth Circuit has established that "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).  Petitioner is currently incarcerated within the limits of the Southern District.  It is respectfully recommended that the Court had jurisdiction over the subject matter, and the parties.

Finally, to the extent that petitioner's claims assert that the Court has acted in a manner that denied him due process, it is respectfully recommended that the record fails to support his allegations.  The Fifth Circuit has determined that "'[o]rdinarily all that due process requires in a civil case is proper notice and service of process and a court of competent jurisdiction; procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack.'"  New York Life, 84 F.3d at 143 (citing Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1027 (5th Cir. 1982)).  It further explained that "[u]nder our system of justice, the opportunity to be heard is the most fundamental requirement."  Id. (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

Petitioner has been afforded an opportunity to be heard by this Court, and many other courts.[1]  In this case alone, he has made eleven filings, including this motion.  The Court has reviewed his claims, considered his objections, and dismissed his claims.  "[T]he provisions of Rule 60(b) must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'"  Carter, 136 F.3d at 1007 (citation omitted).  His claims do not present a situation that warrants the granting of the extraordinary relief he requests.

Accordingly, it is respectfully recommended that petitioner has failed to

---

[1] Aranda v. Cason, No. 5:00-cv-63 (N.D. Tex. July 21, 2000), aff'd mem. 253 F.3d 702 (5th Cir. Apr. 12, 2001) (per curiam); Aranda v. Key, et al., No. 5:00-cv-198 (N.D. Tex. July 21, 2000), aff'd mem. 250 F.3d 740 (5th Cir. Feb. 14, 2001) (per curiam); Aranda v. Hirsch, et al., No. 5:00-cv-224 (N.D. Tex. July 21, 2000), aff'd mem. 253 F.3d 702 (5th Cir. Apr. 12, 2001) (per curiam); see also Aranda v. Prasifka, 71 Fed. Appx. 357, No. 03-40317 (5th Cir. Aug. 13, 2003) (per curiam) (regarding No. 2:02-cv-436 (S.D. Tex.)); Aranda v. Millsaps, 233 F.3d 574, No. 99-11394 (5th Cir. Aug. 29, 2000) (unpublished) (regarding No. 5:99-cv-333 (N.D. Tex.)); Aranda v. Shaw, et al., No. 5:00-cv-234 (N.D. Tex. July 21, 2000), aff'd mem. 250 F.3d 740 (5th Cir. Feb. 14, 2001) (per curiam); Aranda v. Massey, et al., No. 4:01-cv-195 (S.D. Tex. Feb. 6, 2001); Aranda v. Scott, et al., No. 4:99-cv-2326 (S.D. Tex. Mar. 7, 2001), aff'd mem. 229 F.3d 1148 (5th Cir. Aug. 10, 2000) (per curiam); Aranda v. Cravener, et al., No. 4:01-cv-751 (S.D. Tex. Mar. 15, 2001); Aranda v. Millsaps, et al., No. 5:00-cv-386 (N.D. Tex. Mar. 29, 2001); Aranda v. United States Government, No. 5:00-cv-379 (N.D. Tex. Mar. 30, 2001), aff'd mem. 275 F.3d 1080 (5th Cir. Oct. 26, 2001) (per curiam); Aranda v. McCrary, et al., No. 5:00-cv-409 (N.D. Tex. Mar. 30, 2001); Aranda v. Scott, et al., No. 4:00-cv-2935 (S.D. Tex. Oct. 25, 2000); Aranda v. United States District Judges, et al., No. 4:01-cv-1404 (S.D. Tex. May 10, 2001).  One court noted that, as of April 23, 2002, Aranda had filed at least forty-eight civil rights and habeas actions, and twenty-two appeals. Tercero-Aranda v. Cockrell, No. 5:02-cv-077 (N.D. Tex. Apr. 29, 2002) (D.E. 8, at 2 n.1).  Indeed, since July 25, 2005, he has filed at least three other actions in the Corpus Christi Division in addition to this action.  See Tercero-Aranda v. Dretke, No. 2:05-cv-365 (S.D. Tex. July 25, 2005); Aranda v. Dretke, No. 2:05-cv-525 (S.D. Tex. Oct. 14, 2005); In re Aranda, No. 2:06-mc-2 (S.D. Tex. Jan. 10, 2006).

establish that Rule 60(b)(4) applies.

## III.  RECOMMENDATION

Based on the foregoing discussion, it is respectfully recommended that petitioner fails to demonstrate that he is entitled to relief from judgment, and therefore, it is recommended that his motion, (D.E. 27), be denied.

Respectfully submitted this 30th day of June 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).